UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO.: 21-054 |
| JAHVAR HOOKS | * | SECTION: "MAG." |

### REPORT AND RECOMMENDATIONS[1]

The Court conducted a competency hearing in this matter. For the reasons set forth herein, the Court finds that Defendant Jahvar Hooks is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him, is unable to assist properly in his own defense, and is, therefore, incompetent as that term is defined in 18 U.S.C. § 4241(d). IT IS THEREFORE RECOMMENDED that the defendant, Jahvar Hooks, be committed to the custody of the Attorney General for placement in the nearest suitable federal facility pursuant to 18 U.S.C. § 4241(d)(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the proceedings to go forward.

---

[1] Because determination of the competency of a criminal defendant may be a dispositive issue, the prudent course is to proceed with a Report and Recommendation. *See United States v. Savard*, No. 2:15-MJ-12-JMC-1, 2015 WL 3905038, at *1 (D. Vt. June 25, 2015); *United States v. Carr,* Criminal No. 12–62–GFVT, 2014 WL 243165, at *1 n. 1 (E.D.Ky. Jan. 22, 2014); *United States v. Nunez,* No. 00–CR–199S, 2013 WL 1773627, at *1 n .1 (W.D.N.Y. Mar. 8, 2013) *United States v. Porras,* 2006 WL 1652612 at *3 (D. Ariz. June 13, 2003)( report and recommendation issued where, "no further rehabilitation can be anticipated, and thus the Court's ruling is potentially dispositive.")

## I.    **PROCEDURAL BACKGROUND**

Procedurally, the hearing followed an unopposed motion for a competency evaluation made by appointed counsel for Defendant.  (Rec. Doc. No. 15).  After finding reasonable cause to believe Defendant may have been suffering from a mental disease or defect rendering him mentally incompetent, the Court granted the motion, and ordered that Defendant undergo a psychiatric examination at a suitable medical psychiatric center for federal prisoners to determine the competency of the defendant to stand trial, pursuant to the provisions of Title 18, United States Code, Section 4241.  (Rec. Doc. No. 16).

Following his examination, Dr. Ernest Gonzalez, a forensic psychologist, submitted a forensic report to the Court which set forth his conclusion that Defendant is currently competent to stand trial.  The Court then held a competency hearing on December 10, 2021.  (Rec. Doc. No. 17).  Dr. Gonzalez was qualified as an expert witness, over the objection of counsel for the defense, and testified as to the conclusions reached in his report. Afterwards, counsel for the Defendant requested a brief continuance of the hearing to allow testimony from Dr. Sankat Vyas, a forensic psychiatrist[2] who previously evaluated Mr. Hooks in a matter before the Orleans Parish Criminal Court which resulted in finding that Mr. Hooks is "irrestorably incompetent." (Rec. Doc. Nos. 18, 22).  The Court granted the motion and the hearing resumed on January 10, 2022.

## II.    **FACTUAL BACKGROUND**

On July 1, 2021, Jahvar Hooks appeared before this Court on a complaint supported by

---

[2] Dr. Vyas also testified that one of the major differences between forensic psychologist and forensic psychiatrist is that forensic psychiatrist has the ability to manage medications for the treatment of mental health diagnoses.

an affidavit for an initial appearance on a charge stemming from a threatening telephone call, a violation of Title 18, United States Code, Section 875(c). According to the complaint, the defendant allegedly threatened to go into the First District of the New Orleans Police Department and begin shooting through a recorded call to a 911 operator (Rec.Doc. No. 1). The complaint also alleges that Mr. Hooks admitted to law enforcement that he suffered from mental illness (Rec. Doc. No. 1). During the initial appearance, Mr. Hooks informed the Court that he needed medical attention for his mental health needs and that he had been prescribed Wellbutrin to manage his mental diagnosis in the past. Mr. Hooks also informed the Court that he was hearing voices.

Prior to the instant complaint, Mr. Hooks was previously arrested on a complaint in *United States v. Jahvar Hooks,* USDC EDLA No. 14-024 "I." There, Mr. Hooks was also charged with calling 911 operators in excess of forty times and making bomb threats, a violation of Title 18, United States Code, Section 844(e). The defendant's mental health and his competency figured prominently in that case and the defendant was examined by a number of mental health professionals and sent to federal medical centers for evaluation.

On May 29, 2018, the defendant was arrested and subsequently prosecuted in Orleans Parish Criminal District Court for criminal mischief, a misdemeanor under Orleans Parish Criminal District Court case number 542-154 "C." There, Mr. Hooks was examined by two doctors and on October 9, 2018, a competency hearing was held. The trial court found the defendant incompetent to proceed, and the defendant was remanded to the Eastern Louisiana Mental Health Forensic Division in Jackson, Louisiana. On December 18, 2018, the case was closed.

On April 16, 2019, the defendant was arrested and subsequently prosecuted in Orleans

Parish Criminal District Court for terrorizing and communicating false arson information, which are both felonies, in Orleans Parish Criminal District Court case number 545-881 "B." On September 8, 2020, a competency hearing was held and the trial court found the defendant incompetent to proceed and the defendant was remanded to Eastern LouisianaMental Health Forensic Division in Jackson, Louisiana. On March 2, 2021, the defendant was reexamined for competency and the trial court determined that Mr. Hooks was *" irrestorably incompetent"* and unable to stand trial. That matter is still ongoing.

The defendant is also charged in the 24th Judicial District Court case number 19-04197 "K" with terrorizing for alleged actions occurring on April 16, 2019. On March 11, 2020, a sanity hearing was held and the State agreed that the defendant was not guilty by reason of insanity and the defendant was not sane at the time of the offense. On June 30, 2020, a dangerousness hearing was held and, after reviewing the reports of two psychiatrists, the court found that Mr. Hooks did not pose a danger to himself or others. Mr. Hooks was ordered to receive treatment through the Forensic Aftercare Clinic and continue psychotropic medication. The last entry in the court record is for a July 14, 2021 status hearing in which the court was advised that the defendant was at Eastern Louisiana Mental Health Forensic Division in Jackson, Louisiana. The case remains open. The defendant also has a pending misdemeanor case in the 24th Judicial District Court for misuse of the 911 system for alleged criminal activity occurring on April 16, 2019.

On July 24, 2020, the defendant was arrested and subsequently prosecuted in Orleans Parish Criminal District Court for false swearing and communicating false arson information, both felonies, in Orleans Parish Criminal District Court case number 549-935 "B." The court adopted the finding of incompetency found in Orleans Parish Criminal District Court case number

545-881 "B." It appears the case remains open.

The defendant is currently being held in the custody of the United States Marshal at Nelson Coleman Correctional Center in Killona, Louisiana.

### III.    LAW AND ANALYSIS

#### A.  COMPETENCY

The Constitution "does not permit trial of an individual who lacks 'mental competency.' " *Indiana v. Edwards*, 554 U.S. 164, 170 (2008). "It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975); *see also Dusky v. United States,* 362 U.S. 402 (1960) ("the test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.") (internal quotation marks omitted);*United States v. Fields*, 761 F.3d 443, 467 (5th Cir. 2014); *United States v. Duhon*, 104 F. Supp. 2d 663, 669 (W.D. La. 2000). Those constitutional standards are implemented by 18 U.S.C.A. § 4241.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960).  To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him."[3]  *Dusky*, 362 U.S. at 402;  *see also* 18 U.S.C. § 4241(a) (phrasing test as whether a defendant is "unable to  understand the nature and consequences of the proceedings against him  or  to assist  properly  in  his  defense").

---

[3] Defendant also made a verbal request for new counsel which the Court deals with below.

Section 4247(d) governs the competency hearing and assures certain trial-type rights. These include the right to confront and cross-examine witnesses and the right to participate in the hearing. See 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)). Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

According to the United States Court of Appeal for the Fifth Circuit, "[t]here is no question that in federal prosecutions, the government bears the burden of proving the defendant's competence to stand trial by a preponderance of the evidence." *Lowenfield v. Phelps*, 817 F.2d 285, 294 (5th Cir. 1987), *aff'd*, 484 U.S. 231 (1988). "Once the defendant's competency has been called into question, the burden is on the prosecution to show by a preponderance of the evidence that the defendant is competent to stand trial." *United States v. Moghaddam*, 299 Fed. Appx 418, 419 (5th Cir. 2008), citing *United States v. Makris*, 535 F.2d 899, 906 (5th Cir. 1976).

In the end, "[r]equiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel." *Godinez v. Moran,* 509 U.S. 389, 402 (1993). After considering all of the evidence and arguments, the undersigned is firmly convinced that more than a preponderance of the evidence demonstrates that Defendant presently possesses insufficient ability to consult with his lawyers with a reasonable degree of rational understanding, and that he does not possess a rational or factual understanding of the proceedings against him.

The mere fact that a defendant has been diagnosed with a mental disorder or shortcoming does not mean he lacks legal competence. *United States v. deBerardinis*, No. 18-CR-00030-01, 2020 WL 2153526, at *13–16 (W.D. La. Apr. 3, 2020), *report and recommendation adopted,* No. CR 18-00030-01, 2020 WL 2130996 (W.D. La. May 5, 2020).  "A defendant can be both mentally ill and competent to stand trial." *Mays v. Stephens*, 757 F.3d 211, 216 (5th Cir. 2014). This is true even if the mental illness causes delusions. *United States v. Garcia-Vargas,* 667 Fed. Appx. 491 (5th Cir. 2016) ("Whether Garcia-Vargas was suffering from delusional disorder is irrelevant, however, if he was both able to understand the nature and consequences of the proceedings and had sufficient present ability to assist counsel in his defense with a reasonable degree of rational understanding.").

Here, the Court heard from two doctors with respect to the mental capacity of Mr. Hooks. Dr. Ernest Gonzales was qualified under Federal Rule of Evidence 702 in the areas of competency and forensics.  Upon the request of defense counsel, the Court also heard the testimony of Dr. Vyas, a Tulane forensic psychiatrist who prepared an Orleans Parish evaluation which resulted in finding that Mr. Hooks is irrestorably incompetent.  The Court has thoroughly considered the reports and evaluations of Dr. Gonzales and Dr. Vyas.

The FCI's forensic evaluation report conducted by Dr. Gonzales cites his ability to live alone in an apartment, his work as a music producer and conversations with his family as evidence that Mr. Hooks is competent. However, the report contained no information regarding Hooks' eviction from the apartment for having caused outbursts.  Dr. Gonzales was unaware that at least one of the recording artists Mr. Hooks claimed to have worked with was deceased.  Further, Dr. Gonzales acknowledged that he did not contact or follow-up with the family members whose conversations he had reviewed.  The testimony presented by Dr. Gonzales evidenced no

independent verification of the information included in the report.

Counsel for the defense called Dr. Sankat Vyas as a qualified expert in the area of forensic psychiatry. Dr. Vyas has been evaluating and treating Mr. Hooks in various capacities since 2018. Although Dr. Vyas did not examine Mr. Hooks for purposes of the instant proceedings, he has personally observed Mr. Hooks in various capacities since 2018. For purposes of the instant proceedings, he conducted a thorough assessment of Mr. Hook's medical history and status and reviewed the written report of Dr. Gonzales in light of applicable competency standards. Dr. Vyas analyzed the Defendant's history, course of evaluation, and testing performance. He directly observed Defendant in numerous previous interviews and subjected him to a battery of psychiatric testing. He also secured and reviewed relevant educational records concerning Mr. Hooks.

Notably, Dr. Vyas indicated that Mr. Hooks suffers from a bi-polar disorder and is intellectually disabled.[4] Dr. Vyas testified that Mr. Hooks' bi-polar disorder in conjunction with his limited understanding of daily activities and poor impulse control would make it difficult—if not impossible—to work with an attorney on his own defense. He further testified that his

---

[4] The term "intellectually disabled" has replaced the term "mentally retarded" in the parlance of both mental health professionals and the Supreme Court. *See, e.g., Hall v. Florida,* 572 U.S. 701, 704-705 (2014):

> Previous opinions of this Court have employed the term "mental retardation." This opinion uses the term "intellectual disability" to describe the identical phenomenon. *See* Rosa's Law, 124 Stat. 2643 (changing entries in the U.S.Code from "mental retardation" to "intellectual disability"; Schalock et al., The Renaming of *Mental Retardation* : Understanding the Change to the Term *Intellectual Disability,* 45 Intellectual & Developmental Disabilities 116 (2007). This change in terminology is approved and used in the latest edition of the Diagnostic and Statistical Manual of Mental Disorders, one of the basic texts used by psychiatrists and other experts; the manual is often referred to by its initials "DSM," followed by its edition number, e.g., "DSM–5." *See* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 33 (5th ed.2013).

The Fifth Circuit has likewise adopted the new nomenclature for the same terms. *See, e.g., Matamoros v. Stephens,* 783 F.3d 212, 214 n. 1 (5th Cir.2015) (explaining that court now uses the term "intellectually disabled" to describe the condition once recognized as "mentally retarded.").

intellectual disability would prevent him from making difficult decisions and that he has no rational understanding of his role in legal proceedings. Dr. Vyas testified that the diagnosed intellectual disability further prevents Mr. Hooks from having an abstract rather that concrete understanding of principles. Abstract thinking describes the ability to solve problems. Dr. Vyas testified that the lack of abstract understanding has caused Mr. Hooks to exhibit behaviors such as spreading feces around his cell in order to obtain medication or other things in need on multiple occasions. Ultimately, Dr. Vyas concluded that Defendant is "irrestorably incompetent" and is suffering from a mental condition which would prevent him from proceeding competently to trial.

Dr. Vyas also reviewed and disagrees with the report prepared by Dr. Gonzales. Contrary to Dr. Gonzalez, Dr. Vyas believes that Mr. Hooks suffers from intellectual disability, manic, and bi-polar disease which causes Mr. Hooks to suffer symptoms of paranoia, mania and to exhibit poor impulse control. He believes that due to the diagnoses, Mr. Hooks has an inability rationally understand his "role," in the proceedings. Dr. Vyas characterizes Mr. Hooks as a concrete thinker (unable to abstractly understand and ability to solve problems) and testified to his inability to sit through a trial without multiple outbursts.

Considering the foregoing, the undersigned concludes that the FCI report is unreliable and lacks independent verification of material facts stated therein. The Court has determined, through independent review of Mr. Hooks' records and independent observations of Mr. Hooks throughout these proceedings, that Dr. Vyas testimony accurately describes the condition of Mr. Hooks.

## B. COMPETENCY RESTORATION

A finding by the court that the defendant is mentally incompetent to stand trial triggers a mandatory commitment to the custody of the Attorney General "for treatment in a suitable facility" for:

(1) a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; and

(2) for an additional reasonable period of time until—

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or

(B) the pending charges against him are disposed of according to law; whichever is earlier ...

Although the Court recognizes the "irrestorably incompetent" finding of the state court, commitment of defendant to the custody of the Attorney General under Section 4241(d) is **<u>mandatory</u>** where the district court finds the defendant incompetent to stand trial and is not limited to cases in which there is probability that there will be change in defendant's mental condition. *U.S. v. Shawar,* 865 F.2d 856 (7th Cir.1989). As the Fifth Circuit has found:

> If, after a hearing, the defendant is found to be incompetent, "the court *shall* commit the defendant to the custody of the Attorney General," who, in turn, "*shall* hospitalize the defendant for treatment in a suitable facility." 18 U.S.C. § 4241(d) (emphasis added). Thus, unlike the court's discretion to confine a defendant before an initial competency hearing, *see id.* § 4241(b), commitment is mandatory upon a finding of incapacity. That is so irrespective of the defendant's initial prognosis. Such confinement, however, may last only "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *Id.* § 4241(d)(1).

*United States v. McKown*, 930 F.3d 721, 727 (5th Cir. 2019) (emphasis in original). Consequently, although the Court recognizes that commitment at this stage of the proceedings may seem unnecessary, the statue is clear. The Court has no discretion and must commit Mr. Hooks into the custody of the Attorney General for further evaluation. *United States. v. Atkins*, No. CRIM. 06-50081-01, 2009 WL 347425, at *3 (W.D. La. Feb. 10, 2009) (citing *U.S. v. Shawar*, 865 F.2d 856 (7th Cir. 1989) (District Court erred by not committing defendant to custody of the Attorney General even though Court found that there was no probability that there would be a change in the

defendant's mental condition); *U.S. v. Donofrio*, 896 F.2d 1301 (11th Cir. 1990) (judge properly committed defendant to custody for evaluation despite unlikelihood that defendant would recover competency); *U.S. v. Magassouba*, 544 F.3d 397 (2d Cir. 2008) (commitment is mandatory once defendant is found incompetent). Accordingly, the Court recommends that Mr. Hooks be committed as such.

C.  **Substitution of Counsel**

Mr. Hooks verbally requested the substitution of counsel during several of his outbursts throughout the competency hearing. Out of an abundance of caution, the Court addresses the issue herein. The Sixth Amendment enshrines a defendant's right to counsel in a criminal prosecution. U.S. Const. amend. VI. To this end, when a defendant is unable to afford an attorney, the Court appoints him one. Fed. R. Crim P. 44; 18 U.S.C. § 3006A. The right to counsel, however, does not mean that the indigent defendant is entitled to have appointed counsel of their choice. *United States v. Conlan*, 786 F.3d 380, 391 (5th Cir. 2015). The court is required to appoint new counsel only "if there is a substantial conflict or problem affecting the ability to represent the defendant — a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which led to an apparently unjust verdict." *Id.* (quoting *United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013)).

Here, Mr. Hooks asserts that his lawyer is working against him and has manipulated his family and this Court through the current proceedings. The Court itself, however, along with several other courts, has determined that there is reasonable cause to believe that the Defendant may be suffering from a mental disease or defect rending him mentally incompetent justifying a competency examination and hearing. 18 U.S.C. § 4241(a). *See United States v. Mitchell,* 709 F.3d 436, 442 (5th Cir. 2013) (Defendant who alleges both a complete breakdown in communication

because of his incompetency and a conflict because his attorney failed to rebut the government's evidence did not demonstrate how substitute counsel could have performed any differently under the circumstances and consequently failed to raise a valid Sixth Amendment complaint).  The request is, therefore, denied.

## IV.    CONCLUSION

For the foregoing reasons, the undersigned concludes that Mr. Hooks is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Accordingly, for the above-mentioned reasons,

**IT IS ORDERED** that the request for substitution of counsel is DENIED.

**IT IS ORDERED** that this matter is referred to the Clerk of the Court for assignment to a District Court Judge who may properly issue an order regarding whether Defendant is mentally competent to stand trial.

**IT IS RECOMMENDED** that the defendant, Jahvar Hooks, be committed to the custody of the Attorney General for placement in the nearest suitable federal facility pursuant to 18 U.S.C. § 4241(d)(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the proceedings to go forward.

The Court issues this recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 31st day of March, 2022.

**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

**SECT. A**

March 31, 2022